## THOMAS AMMONS v. GEORGE SPEARS.

### On a Caveat.

On the 24th day of January, 1786, the plaintiff entered the following caveat, to-wit:

"Let no grant issue to George Spears, his heirs or assigns, for a survey of 960 acres, being part of said Spears' pre-emption warrant, No. 516, adjoining his settlement on the east, lying in the county of Lincoln, on the waters of the Hanging fork of Dick's river, Thomas Ammons claiming so much of said Spears' pre-emption survey of 960 acres as falls within the bounds of said Ammons' entry of 400 acres, made on a treasury warrant."

The plaintiff, on the 22d day of May, 1780, made the following entry with the surveyor of Kentucky county, to-wit:

"Thomas Ammons enters 400 acres upon a treasury warrant, adjoining the south-west corner of Craig and Mallory's survey, as assignee of Bentley, running west 150 poles, thence north for quantity."

On the 28th day of January, 1780, the defendant, George Spears, obtained from the commissioners the following certificate, to-wit:

"George Spears this day claimed a settlement and pre-emption to  tract of land in the district of Kentucky, on account of raising a crop of corn in the country in the year 1776, lying about one mile east of Gordon's lick, on the north side of the Hanging fork of Dick's river, to include his improvement. Satisfactory

proof being made to the court, they are of opinion that the said Spears has a right to a settlement of 400 acres of land, to include the said improvement, and the pre-emption of 1,000 acres of land adjoining, and that a certificate issue accordingly."

And on the 8th day of February, in the year 1780, he entered his certificate for settlement with the surveyor of Kentucky county, in the following words, to-wit:

" George Spears enters 400 acres, by virtue of a certificate, etc., lying about one mile east of Gordon's lick, on the north side of the Hanging fork of Dick's river, to include his improvement."

And, also, on the 1st day of June, in the year 1780, the said defendant entered his pre-emption warrant with the said surveyor, in the following words, to-wit:

" George Spears enters a pre-emption warrant of 1,000 acres, adjoining his settlement on the east side, and Conrad Carpenter on the north, and extending down Gordon's lick branch of the Hanging fork for quantity."

The annexed connected plat, No. 4, was returned in this cause, of which the following is an explanation:

A B C D, George Spears' settlement survey of 350 acres. C B E F G H I K L M N O, George Spears' pre-emption survey of 960 acres. 1, Craig and Mallory's (assignees of Bentley) south-west corner. 1 to 5, Craig and Mallory's line (assignees of Bentley.) 1 2 3 4, Thomas Ammons' 400 acre survey, on treasury warrant. *a b c d,* Conrad Carpenter's settlement survey of 400 acres.

*d e f g h i b c*, Conrad Carpenter's pre-emption survey, of 1,000 acres. x . . . . . . x, a supposed line, which would make up the quantity of Spears' settlement and pre-emption. S, Spears' improvement. *g*, Gordon's lick. A, the cornfield made by Spears and Carpenter. The water course is Gordon's lick branch.

The following facts were agreed by the parties:

*First.* That the land on the north side of Spears' settlement and pre-emption was vacant when he entered and surveyed, though hilly and of bad quality.

*Second.* That the cornfield made by Spears is not included in his survey, but is represented by A.

*Third.* That Spears and Carpenter cleared the field jointly.

*Fourth.* That Spears raised the body of a cabin at S.

*Fifth.* That Spears, at the time he made his survey, knew of the entry made by Ammons.

*Sixth.* That Spears still claims as far as the line.

The pre-emption entry of Conrad Carpenter was made on the 29th day of May, in the year 1780, and is in the following words, to-wit:

"Conrad Carpenter enters 1000 acres upon a pre-emption warrant, on the waters of the Hanging fork of Dick's river, near Gordon's lick, on the south-east side, and joining George Spears on the south side, running down the creek, to include the fork of said creek."

BY THE COURT.—The plaintiff has the better right to the land in dispute, therefore, he must have judgment for 219 acres, the amount of the interference.